IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01448-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 4 2010

GREGORY C. LANGHAM
CLERK

DAVID O. POWELL,

    Plaintiff,

v.

ARI ZAVARAS, Executive Director, Colorado Department of Corrections,
STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Associate Warden, Buena Vista Correctional Facility,
TERRI BARTRUFF, Former Associate Warden, Buena Vista Correctional Facility,
THOMAS C. FISHER, M.D., Buena Vista Correctional Facility,
JASON LENGERICH, Major, Buena Vista Correctional Facility,
JOAN SHOEMAKER, Director, Clinical Services, Colorado Department of Corrections,
PAULA FRANTZ, Chief Medical Officer, Colorado Department of Corrections,
R. KATZENMEYER, Former Health Services Admin., Buena Vista Correctional Facility,
B. KASPAR, Registered Nurse, Buena Vista Correctional Facility,
K. BARONI, Registered Nurse, Buena Vista Correctional Facility,
R. MIRICH, Medical Provider, Buena Vista Correctional Facility,
K. BASSETT, Registered Nurse, Buena Vista Correctional Facility,
C. STURGEON, Registered Nurse, Buena Vista Correctional Facility,
S. HAMILTON, Medical Provider, Buena Vista Correctional Facility,
V. FERGUSON, Medical Provider, Buena Vista Correctional Facility,
M. KALMEYER, Medical Provider, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
D. CONNORS, Major and Plant Manager, Buena Vista Correctional Facility,
A. ORTEGA, Captain and Maintenance Supervisor, Buena Vista Correctional Facility,
    and
JOHN SUTHERS, Attorney General, State of Colorado,
(individually and in their official capacities, and each of their supervisors, designees, and all unnamed individuals that directly participated in the wrong, or failed to remedy the wrong upon learning of it, and each of their Officers, Agents and Successors, as well as the Attorney General, State of Colorado),

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, David O. Powell, is a prisoner in the custody of the Colorado

Department of Corrections ("CDOC") and is currently incarcerated at the Buena Vista Correctional Facility. Mr. Powell initiated this action by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 15, 2010. He filed a Complaint on June 21, 2010 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Mr. Powell has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee. Mr. Powell filed an amended Complaint on July 1, 2010, which appears to be virtually identical to the original Complaint. The Court will construe the amended complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint and has determined that it is deficient. For his second claim, Mr. Powell appears to assert both an Eighth Amendment violation based on the denial of adequate medical care, and a due process violation, based on his placement in administrative segregation and resultant loss of privileges. These claims should be set forth as separate claims for relief against the Defendant(s) who participated in each alleged constitutional violation.

The amended complaint also is deficient because Mr. Powell fails to allege facts that demonstrate how each of the ten named medical provider/nurse Defendants provided inadequate treatment for Mr. Powell's multiple MRSA and Staph infections.

Therefore, Mr. Powell will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Powell is advised that personal participation by

the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Powell must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Colorado Attorney General John Suthers, CDOC Executive Director Ari Zavaras, Warden Steve Green, former warden George Dunbar, CDOC Clinical Director Joan Shoemaker, or CDOC Chief Medical Officer Paula Frantz, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Powell "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Powell is advised that, although he must allege specific facts regarding each Defendant's personal participation, he still must present his claims clearly and concisely

3

in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Mr. Powell purports to list "unnamed individuals" as Defendants in the caption of the amended complaint. Mr. Powell may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Powell uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. In addition, Mr. Powell has made allegations against certain individuals in the body of his amended complaint who are not named as Defendants in the caption. If Mr. Powell intends to name these individuals as Defendants, he must include them in the caption and allege facts in the amended complaint to show that each one personally participated in the deprivation of his constitutional rights. Accordingly, it is

ORDERED that Plaintiff, David O. Powell, file **within thirty (30) days from the date of this Order,** a second amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Powell, together with a copy of this Order, two copies of the following form to be used in submitting the

second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Powell fails to file a second amended complaint that complies with this Order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED August 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01448-BNB

David O. Powell
Prisoner No. 123837
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/4/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk