IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00515–PAB–KMT

STEVEN T. HADEN,

    Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Asst. Warden, Buena Vista Correctional Facility,
TERRI BARTUFF, Former Asst. Warden, Buena Vista Correctional Facility,
R. DANSDILL, Major, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
D. CONNORS, Major, Buena Vista Correctional Facility,
G. SMETHERS, Captain, Buena Vista Correctional Facility,
L. BLAND, Captain, Buena Vista Correctional Facility,
V. DENT, Captain, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Buena Vista Correctional Facility,
DR. SHEPHARD, Psychiatrist, Colorado Department of Corrections,
G. SMITH, Supervisor, Buena Vista Correctional Facility,
C. MCCORMACK, Case Manager, Buena Vista Correctional Facility, and
C. LAGUE, Correctional Officer, Buena Vista Correctional Facility, and each of their
supervisors, designees, and all unnamed individuals that directly participated in the
wrongs claimed in this action, knew about the wrong but did nothing to stop it, and failed
to oversee, supervise, or train those responsible, as well as each of their Officers,
Agents, and Successors,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Notice of Related Cases and Motion to Join

Cases" (Doc. No. 84 [Mot.], filed March 3, 2011).  Defendants filed their Response on March

22, 2011. (Doc. No. 94 [Resp.].)  This court has authority to rule on Plaintiff's motion because it is non-dispositive and does not have the potential to resolve a claim or defense of a party.  *See Alpine Bank v. Hubbell*, Civil No. 05-cv-00026-EWN-PAC, 2007 WL 219948, at *2 (D. Colo. Jan. 26, 2007).

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Consolidation is committed to the sound discretion of the trial court. *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010).  "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Communications, Inc.*, No. 09-cv-00200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009)(quotations omitted).

Plaintiff seeks to consolidate his case with another case in this District, *Powell v. Green, et al.*, Case No. 10-cv-01448-PAB-BNB.  (Mot., ¶ 2.)  Plaintiff asserts that his claims are related to the claims of Plaintiff Powell because Powell also asserts claims for unsanitary living conditions, inadequate medical care, breach of duty to protect, and retaliatory treatment.  (*Id.*)

In this case, Defendants filed an Answer and a Motion to Dismiss in Part, and this court issued its Recommendation that the Motion to Dismiss in Part be granted.  (*See* Doc. Nos. 32,

33, 63.)  The Recommendation is currently pending before Judge Brimmer.  This court held a Scheduling Conference on November 2, 2010, setting the discovery cutoff at May 6, 2011, and the dispositive motions deadline at June 6, 2011.  (Doc. No. 54.)

In this case, in Claim One, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated because Defendants failed to protect him from sinusitis, breathing problems, headaches, and nausea caused by allegedly poor air quality and poor air flow, and exposed him to unsanitary conditions such as a living unit contaminated by insect, rats, mice, and other vermin, as well as friable asbestos, lead paint, mold, and mildew. (Doc. No. 18 at 9–10.)

In Claim Two, Plaintiff alleges he has been, and continues to be, subjected to cruel and unusual punishment in violation of the Eighth Amendment.  (*Id.* at 11.)  Plaintiff alleges since he arrived at BVCF on October 9, 2008, he has been without prescribed medications to treat bipolar disorder, anxiety disorder, and obsessive compulsive disorder.  (*Id.*)  Plaintiff claims treatment has been delayed or denied to him.  (*Id.*)  Plaintiff alleges the delays in treatment and in "medication errors" resulted in unnecessary pain and suffering to Plaintiff.  (*Id.* at 13.)

In Claim Three, Plaintiff alleges his First Amendment right to freely exercise his religion has been restricted.  (*Id.* at 14.)  Plaintiff also asserts food is being prepared in a kitchen "constituting a substantial hazard to the health of plaintiff in violation of the Eighth Amendment."  (*Id.*)  Plaintiff states he is a practicing Messianic Jew and that he must adhere to a Kosher diet.  (*Id.*)  Plaintiff asserts that, because he worked in the prison's food service department, he is aware of "numerous violations of Kosher dietary law, and blatant indifference

to sanitation." (*Id.*) Plaintiff alleges that "[s]erving non-Kosher food, or food prepared in a kitchen in violation of Kosher protocols, interfered with [his] free exercise of religion." (*Id.* at 15.) Plaintiff also alleges he was terminated from the Kosher diet program on July 29, 2009, and that his "termination from the Kosher diet program, when the program is not providing Kosher-certified food, is incongruous." (*Id.* at 14–15.)

In Claim Four, Plaintiff alleges he has been retaliated against, in violation of the First Amendment, for filing grievances, filing complaints, and for initiating this lawsuit. (*Id.* at 16.) Plaintiff states that he has been denied a transfer to a facility offering vocational or rehabilitation programs because of filing grievances. (*Id.*) Plaintiff also alleges he was not allowed to work on numerous occasions due to filing grievances. (*Id.*) Plaintiff contends he has been the target of cell searches and strip searches because of filing grievances. (*Id.*)

In the Powell case, Powell contends that he was housed at the Buena Vista Correctional Facility in unsanitary and unsafe living conditions, which caused him to contract Methicillin-Resistant Staphylococcus Aureus (MRSA) and Staphylococcus Aureus (Staph) infections on at least five occasions. (10-cv-01448-PAB-BNB, Doc. 11 at 12.) Powell also asserts that he did not receive adequate treatment for these infections, that his access to employment and legal materials was restricted, and that he was subjected to harassing verbal comments and gestures. (*Id.* at 12-15.)

In the current case, Plaintiff does not allege that he sustained any infections such as those of which Powell complains, and unlike Powell, this Plaintiff has no claims stemming from allegedly inadequate medical care for injuries or infections sustained as a result of the allegedly

hazardous living conditions. Moreover, in the current case, Plaintiff alleges claims that are entirely separate and distinct from the claims brought by Powell, such as Plaintiff's claim that his religious rights were violated because he was not provided with kosher food that met kosher dietary standards, as required by his religious beliefs, and his claim that his Eighth Amendment rights were violated due to periodic interruptions in providing him psychiatric medications. (Doc. No. 18 at 14-15, ¶¶ 43–60; 11–13, ¶¶ 18–42.)

Moreover, the cases are also at very different procedural stages, such that consolidating these actions would complicate and delay the proceedings. Specifically, where in this case a Recommendation has issued on Defendants' motion to dismiss in part, the defendants in the Powell case have moved to dismiss all claims. (10-cv-01448-PAB-BNB, Doc. Nos. 28, 36 and 40.) Additionally, discovery opened in this case in early November, 2010, and is scheduled to close on May 6, 2011. Dispositive motions are due in this case on June 6, 2011. In the Powell case, no Scheduling Conference has been held, no discovery has been taken, and no dispositive motions deadline has been set.

This court concludes that common issues are not predominant among the cases and that consolidation of these cases would not create substantial efficiencies in the administration of these cases.

Accordingly, it is

**ORDERED** that Plaintiff's "Notice of Related Cases and Motion to Join Cases" (Doc. No. 84) is DENIED.  The Clerk of Court is directed also to file this Order in Case No. 10-cv-01448-PAB-BNB.

Dated this 23rd day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge