IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01448-PAB-BNB

DAVID O. POWELL,

Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Buena Vista Correctional Facility,
TERRI BARTRUFF, Former Associate Warden, Buena Vista Correctional Facility,
JASON LENGERICH, Major, Buena Vista Correctional Facility,
J. DETERMAN, Captain, Maintenance Supervisor, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Maintenance Supervisor, Buena Vista Correctional Facility,
D. CONNORS, Major, Plant Manager, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Living Uni Manager, Buena Vista Correctional Facility,
G. SMETHERS, Health and Safety Manager, Buena Vista Correctional Facility,
THOMAS C. FISHER, M.D., Buena Vista Correctional Facility,
JOAN SHOEMAKER, Director, Clinical Services, Colorado Department of Corrections,
PAULA FRANTZ Chief Medical Officer, Colorado Department of Corrections,
R. KATZENMEYER, Former Health Services Admin., Buena Vista Correctional Facility,
B. KASPAR, Medical Provider, Buena Vista Correctional Facility,
K. BARONI, Medical Provider, Buena Vista Correctional Facility,
K. BASSETT, Medical Provider, Buena Vista Correctional Facility,
C. STURGEON, Medical Provider, Buena Vista Correctional Facility,
R. MIRICH, Medical Provider, Buena Vista Correctional Facility,
S. HAMILTON, Medical Provider, Buena Vista Correctional Facility,
V. FERGUSON, Medical Provider, Buena Vista Correctional Facility,
M. KALMEYER, Medical Provider, Buena Vista Correctional Facility, and
each of their supervisors, designees, and all unnamed individuals that directly participated in the
wrongs claimed in this action, or failed to remedy the wrong upon learning of it, and each of
their Officers, Agents and Successors,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

This matter arises on the following motions:

(1) **Defendants' Motion to Dismiss Complaint** filed by defendants Green, Brunell, Lengerich, Determan, Ortega, Connors, Coleman, Smethers, Fisher, Shoemaker, Frantz, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer [Doc. #28, filed 11/15/2010];

(2) **Defendant Dunbar's Motion to Dismiss Plaintiff's Prisoner Complaint** [Doc. #36, filed 12/15/2010]; and

(3) **Defendant Bartruff's Motion to Dismiss Plaintiff's Prisoner Complaint** [Doc. #40, filed 02/17/2011]. [1]

I respectfully RECOMMEND that the motions be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific

---

[1]Defendants Dunbar and Bartruff incorporate by reference the arguments made in the Motion to Dismiss filed by defendants Green, Brunell, Lengerich, Determan, Ortega, Connors, Coleman, Smethers, Fisher, Shoemaker, Frantz, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer.

allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections

("DOC").  At all times pertinent to the allegations of Second Amended Prisoner Complaint [Doc.

#11] (the "Complaint"), he was housed at the Buena Vista Correctional Facility ("BVCF").  The

Complaint contains the following allegations:

1.  The plaintiff arrived at BVCF on or about December 15, 2007.  *Complaint*, p. 9, ¶ 1.

2.  While at BVCF, the plaintiff contracted Methicillin-Resistant Staphylococcus Aureus

("MRSA") and Staphylococcus Aureus (Staph) infections on February 26, 2008; March 27,

2008; November 3, 2008; March 24, 2009; and June 7, 2009.  Id. at p. 12, ¶ 17; p. 13, ¶ 21.

3.  MRSA is a bacteria that is resistant to a broad spectrum of antibiotics.  MRSA can

penetrate the skin and cause life-threatening infections in bones, joints, the blood stream, the

heart, and the lungs.  MRSA generally starts as small red bumps.  The bumps can quickly turn

into deep, painful abscesses that require surgical draining and can cause permanent scarring.

Due to his infections, the plaintiff has permanent scarring on his face and stomach.  Id. at ¶¶ 18-

19.

4.  Staph is a similar form of bacteria normally found on the skin of one-third of the

population.  Although Staph infections can be harmless, they can develop into a serious infection

called cellulitis.

5.  The unsanitary conditions at BVCF caused the plaintiff's MRSA and Staph infections.

id. at p. 13, ¶ 21.  The unsanitary conditions include cells that are too small and house two men;

confinement in the cell up to twenty-one hours per day; unsanitary and non-working showers;

access to a shower only three days a week since June 1, 2010; inadequate circulation of clean air;

an open space under the cell door that allows dust and dirt to circulate freely; and insects, rats, mice, and other vermin that are found throughout the prison.  Id. at p. 8, ¶ 7; p. 9, ¶¶ 4-6; p. 10, ¶¶ 7-9.

The Complaint asserts four claims for relief.  Claim One alleges that the plaintiff's conditions of confinement are inadequate, unsafe, and unsanitary.  Id. at p. 9.  Claim Two alleges that the plaintiff received inadequate medical care for his infections in violation of the Eighth Amendment.[2]  Id. at pp. 12-16.  Claim Three alleges that the defendants breached a duty to protect the plaintiff.  Id. at p. 17.  Claim Four alleges that the plaintiff was retaliated against for filing grievances.  Id. at p. 18.[3]

The plaintiff is suing twenty-two prison officials in their individual and official capacities.  The plaintiff seeks declaratory relief; injunctive relief; and compensatory, nominal, and punitive damages.

---

[2]It is unclear whether Claims One and Two also assert a due process claim.  *Complaint*, p. 10, ¶ 11 (stating that the "[c]onditions in this prison have imposed atypical and significant hardship to plaintiff"); p. 16, ¶ 39 (stating that "Defendants[] have caused atypical and significant hardship to plaintiff").  Regardless, those claims raise issues solely related to the plaintiffs' conditions of confinement and are appropriately analyzed as Eighth Amendment claims rather than substantive due process claims.  Berry v. City of Muskogee, 900 F.2d 1489, 1493-94 (10th Cir. 1990).

[3]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### III.  ANALYSIS

#### A.  Official Capacity

The defendants assert that the claims against them in their official capacities must be dismissed based on Eleventh Amendment immunity.  *Motio*n, p. 12.  Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).  The defendants' assertion of Eleventh Amendment immunity is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true.  Holt, 46 F.3d at 1003.

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06.  Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The plaintiff is suing the defendants in both their official and individual capacities. *Complaint*, p. 2, ¶ 6.  The defendants are employed by the DOC.  The DOC is an agency or subdivision of the State of Colorado.  Consequently, a suit against the defendants in their official capacities is a suit against the state.  The Motion should be granted to the extent it seeks dismissal of all claims against the defendants in their official capacities for retroactive monetary relief.

#### B.  Statute of Limitations

The defendants assert that Claims One, Three, and a portion of Claim Two should be dismissed because the plaintiff failed to file his Complaint within the two year statute of limitations.  *Motion*, pp. 6-7.  Actions asserted under 42 U.S.C. § 1983 are subject to the general

personal injury limitation period of the state in which the action arose.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994).  The appropriate statute of limitation for §1983 actions arising in Colorado is two years.  Id. at 1266; Colo. Rev. Stat. § 13-80-102.  Federal law rather than state law determines when a cause of action accrues.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  Id. at 969.  "A civil rights action accrues when facts that would support a cause of action are or should be apparent."  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

Claim One asserts a claim for inadequate, unsafe, and unsanitary living conditions at BVCF.  *Complaint*, p. 9.  Claim Three alleges that the defendants breached a duty to protect him based on the inadequate, unsafe, and unsanitary living conditions at BVCF.  Id. at p. 17.  The facts that support Claims One and Three are based on the inadequate, unsafe, and unsanitary living conditions at BVCF.[4]  The plaintiff admits that he has been deprived of "basic human needs, humane conditions of confinement, and adequate medical care, since his arrival in December 2007."  *Complaint*, p. 7, ¶ 1.  Therefore, the plaintiff knew of the facts that support Claims One and Three since December 2007, and the limitations period on these claims expired in December 2009.  The plaintiff did not initiate his case in this court until he filed his initial

---

[4]Claim Three also contains allegations that are redundant of Claim Two's allegations regarding inadequate medical care.  I analyze these allegations in my discussion of Claim Two.

complaint [Doc. #3] and his motion for leave to proceed *in forma pauperis* [Doc. #1] on June 15, 2010.[5]

The plaintiff argues that "it was only after plaintiff's exposure to MRSA and Staph viruses and their harmful and potentially deadly consequences including nausea, fever, headaches, elevated blood pressure, extreme physical pain and suffering, and permanent scaring [sic], did plaintiff fully understand the seriousness of the repeated exposure to communicable diseases." *Motion in Opposition to Defendants' Motion to Dismiss Complaint* [Doc. #35], p. 10, ¶ 42. Claims One and Three are based on the plaintiff's conditions of confinement at BVCF. The plaintiff admits that the conditions existed since his arrival at BVCF in December 2007. Moreover, the plaintiff was first exposed to an infection on February 26, 2008. Even if the statute of limitation began to run at that time, his action was not filed until June 15, 2010-- several months after expiration of the limitation period.

The plaintiff also argues that his claims should not accrue until he received his final grievance on November 5, 2009. *Response*, p. 11, ¶ 46. This argument is contrary to the well-established law regarding accrual of claims. Fratus, 49 F.3d at 675. Claims One and Three were filed after the limitations period expired and, absent tolling, the plaintiff is barred from asserting them in this court.

---

[5]I am aware that the prison mailbox rule applies to an inmate's filing of a civil rights complaint. Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Id. at 1165. However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule. Id. The plaintiff does not provide any argument or evidence to establish that the mailbox rule applies to his case. To the contrary, his initial complaint [Doc. #3] states that he deposited the complaint in a mailbox at BVCF.

Claim Two alleges that the plaintiff received inadequate medical care for his infections. Id. at pp. 12-16.  The plaintiff further alleges that he suffered infections on February 26, 2008; March 27, 2008; November 3, 2008; March 24, 2009; and June 7, 2009.  Id. at p. 13.  His claims for inadequate medical care that occurred prior to June 15, 2008, are barred by the statute of limitations.  Therefore, absent tolling, his claims for inadequate medical care for the infections dated February 26, 2008, and March 27, 2008, are barred.

The issue of tolling is governed by Colorado state law.  See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995).  Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff argues that he is entitled to tolling while he was exhausting his administrative remedies.  *Response*, pp. 10-11, ¶ 45.  "[W]hether plaintiffs are entitled to equitable tolling depends on whether they diligently pursued their claims following the exhaustion of their administrative remedies."  Braxton v. Zavaras, 614 F.3d 1156, 1162 (10th Cir. 2010).  Here, the plaintiff's remedies were exhausted on November 5, 2009.  *Response*, p. 11, ¶ 46; p. 31.  The plaintiff did not file this action until June 15, 2010, more than seven months later. The plaintiff does not explain this lapse in time.  Because he did not pursue this action with diligence, he is not entitled to equitable tolling.  Braxton 614 F.3d at 1162 (stating that the court has "held that by failing to file suit within six months after exhausting administrative remedies," the plaintiff was not entitled to equitable tolling).

The Motion should be granted insofar as it seeks dismissal of Claims One and Three, and also with respect to Claim Two's allegations regarding infections acquired on February 26, 2008, and March 27, 2008.

## C.  Qualified Immunity

The defendants state that they are entitled to qualified immunity. *Motion*, pp. 14-15. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I  consider two factors.  I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right.  In addition, I must inquire whether the right was clearly established at the time of the violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[6]

## 1.  Claim Two

Claim Two alleges that the plaintiff received inadequate medical care for his infections in violation of the Eighth Amendment.  The defendants argue that Claim Two must be dismissed

---

[6]The order in which I may consider these factors is discretionary.  Pearson v. Callahan, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied.  Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

because it fails to state a claim upon which relief can be granted and fails to allege that the

defendants personally participated in the alleged constitutional violations.  *Motion*, pp. 7-10.

A prison official's deliberate indifference to an inmate's serious medical needs violates

the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  See Estelle

v. Gamble, 429 U.S. 97, 104 (1976).  "This is true whether the indifference is manifested by

prison doctors in their response to the prisoner's needs or by prison guards in intentionally

denying or delaying access to medical care."  Id. at 104-05.  To establish a claim for deliberate

indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious.

Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one

that has been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention."  Hunt v. Uphoff,

199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.

1980)).        The subjective component to a deliberate indifference claim is met if a prison

official "knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S.

at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists, and he must also draw the inference."  Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical

need and (2) a sufficiently culpable state of mind.  Riddle v. Mondragon, 83 F.3d 1197, 1205-06

(10th Cir. 1996).  Conclusory allegations, without supporting factual averments, are insufficient

to state a claim under the Eighth Amendment.  Id. at 1205.

In addition, an individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The plaintiff's allegations against the individual defendants are vague and conclusory. Claim Two alleges that "[d]uring each active infection, inadequate and deficient care was provided by defendants[] Fisher, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer." *Complaint*, p. 13, ¶ 22. This allegation is wholly conclusory and, without more, is not sufficient to hold any of these defendants liable.

Claim Two also alleges that "[d]uring each infection, medical treatment was limited to antibiotics, wound draining, and wound dressings (gauze), by defendants[] Fisher, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer, which fall substantially short of those recommended by the U.S. Center for Infectious Disease." Id. at p. 16, ¶ 36. This allegation may suffice to show personal participation by the defendants, but it also shows that the plaintiff was provided treatment for his infections, albeit treatment that the plaintiff finds inadequate. "[A] prisoner who merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165

F.3d 803, 811 (10th Cir. 1999).   The allegations in Claim Two against defendants Fisher, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer are not sufficient to show deliberate indifference in violation of the Eighth Amendment.

Claim Two further alleges that "[s]tandards of care governing treatment of MRSA and Staph infections were developed and promulgated by defendants[] Shoemaker and Frantz, among other officials.  The prison health services administrator and Dr. Fisher, ensure that these guidelines are effectively and safely carried out, buy themselves or by named and unnamed medical providers under their supervision." *Complaint*, p. 13, ¶ 23.  In Claim Three, the plaintiff alleges that "Defendants[] Shoemaker and Frantz established policies and procedures that denied plaintiff access to treatment in a sanitary medical environment, such as a medical cell or prison infirmary."  Id. at p. 17, ¶ 45.  These allegations are vague and conclusory, and they do not support a reasonable inference that Shoemaker, Frantz, and Fisher were directly responsible for deliberate indifference to the plaintiff's health.

Finally, Claim Two alleges that "[f]or three of the infections, the decision was made pursuant to policy and procedures established by defendants[] Green, Dunbar, Brunell, Bartruff, and Lengerich, to place plaintiff in a punitive segregation cell that was not sanitary, germ or bacteria free as the available medical cell or infirmary would be, exposing him to additional risk of serious harm and prolonging the recovery period from each infection, resulting in additional pain and suffering."  Id. at ¶ 24.  The plaintiff further alleges "[i]t is common to find remnants of chemical sprays, urine, blood, feces, and other contagions in segregation cells that are primarily used for punitive purposes" and that while in segregation, he was permitted to shower only three times a week.  Id. at p. 14, ¶¶ 27, 29.

13

These allegations are not sufficient to state a claim for deliberate indifference.  It is not clear if the alleged policy requires placement in an unsanitary cell, or if unnamed individuals placed the plaintiff in punitive segregation pursuant to the policy, but put him in a dirty cell contrary to the policy.  Characteristic of the Complaint's allegations, the allegations against defendants Green, Dunbar, Brunell, Bartruff, and Lengerich are conclusory and do not demonstrate that the defendants knew of and disregarded a substantial risk to the plaintiff's health.

In Claim Three, the plaintiff summarily alleges that "Defendants[] Fisher, Katzenmeyer, Kaspar, Baroni, Bassett, Sturgeon, Mirich, Hamilton, Ferguson, and Kalmeyer exececrised [sic] deliberate indifference to plaintiff's health and safety, by failing to provide a measure of care to mitigate the permanent damage to his body, as well as his pain and suffering."  Id. at p. 17, ¶ 43. To state a claim in federal court, however, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  This is especially true in cases, like this one, where the defense of qualified immunity has been asserted.  Id. at 1248-49.

The Tenth Circuit Court of Appeals has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.  The

> allegations must be enough that, if assumed to be true, the plaintiff
> plausibly (not just speculatively) has a claim for relief.

Id. at 1247 (internal quotations and citations omitted).

Claims Two and Three do not contain any specific factual allegations which state a plausible claim against any defendant for deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment. The Motion should be granted insofar as it seeks dismissal of Claim Two.

### 2.  Claim Four

Claim Four alleges that the plaintiff was subjected to retaliatory treatment for filing grievances. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." Smith v. Mashner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible." Id. at 948. An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." Peterson v. Shanks, 149 F.3d 1140,1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." Id. (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." Id. (quotations and citation omitted) (emphasis in original).

Most of Claim Four's allegations are conclusory and without reference to a specific defendant. Claim Four contains only one reference to specific defendants:

> Defendants[] Green, Dunbar, Brunell, Bartruff and Lengerich
> directed, or acquiesced in the decision to place seriously ill
> prisoners in segregation, which caused plaintiff to avoid seeking
> immediate medical attention with cases not documented in his
> medical file.

*Complaint*, p. 18, ¶ 48.

The allegation is incomprehensible.  Moreover, the plaintiff fails to allege any specific

facts to state a plausible claim that defendants Green, Dunbar, Brunell, Bartruff and Lengerich

retaliated against the plaintiff for exercising his constitutional right to access the courts.  The

Motion should be granted to the extent it seeks dismissal of Claim Four.

## IV.   CONCLUSION

I respectfully RECOMMEND:

(1)   Defendants' Motion to Dismiss Complaint [Doc. #28] be GRANTED;

(2)   Defendant Dunbar's Motion to Dismiss Plaintiff's Prisoner Complaint [Doc. #36] be

GRANTED;

(3)   Defendant Bartruff's Motion to Dismiss Plaintiff's Prisoner Complaint [Doc. #40] be

GRANTED; and

(4)   The Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific,

written objections.  A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's

objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge