IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01448-PAB-BNB

DAVID O. POWELL,

Plaintiff,

v.

STEVE GREEN, Warden, Buena Vista Correctional Facility,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Buena Vista Correctional Facility,
TERRI BARTRUFF, Former Associate Warden, Buena Vista Correctional Facility,
JASON LENGERICH, Major, Buena Vista Correctional Facility,
J. DETERMAN, Captain, Maintenance Supervisor, Buena Vista Correctional Facility,
A. ORTEGA, Captain, Maintenance Supervisor, Buena Vista Correctional Facility,
D. CONNORS, Major, Plant Manager, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Living Uni Manager, Buena Vista Correctional Facility,
G. SMETHERS, Health and Safety Manager, Buena Vista Correctional Facility,
THOMAS C. FISHER, M.D., Buena Vista Correctional Facility,
JOAN SHOEMAKER, Director, Clinical Services, Colorado Department of Corrections,
PAULA FRANTZ Chief Medical Officer, Colorado Department of Corrections,
R. KATZENMEYER, Former Health Services Admin., Buena Vista Correctional Facility,
B. KASPAR, Medical Provider, Buena Vista Correctional Facility,
K. BARONI, Medical Provider, Buena Vista Correctional Facility,
K. BASSETT, Medical Provider, Buena Vista Correctional Facility,
C. STURGEON, Medical Provider, Buena Vista Correctional Facility,
R. MIRICH, Medical Provider, Buena Vista Correctional Facility,
S. HAMILTON, Medical Provider, Buena Vista Correctional Facility,
V. FERGUSON, Medical Provider, Buena Vista Correctional Facility,
M. KALMEYER, Medical Provider, Buena Vista Correctional Facility, and
each of their supervisors, designees, and all unnamed individuals that directly participated in the wrongs claimed in this action, or failed to remedy the wrong upon learning of it, and each of their Officers, Agents and Successors,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on two motions for injunctive relief filed by the plaintiff:

(1)  **Motion for a Preliminary Injunction and Order to Show Cause** [Doc. #22, filed 10/12/2010] (the "First Motion"); and

(2) **Motion for Preliminary Injunction and Order to Show Cause** [Doc. #47, filed 07/26/2011 (the "Second Motion").

I respectfully RECOMMEND that the motions be DENIED.

The plaintiff is proceeding *pro* se, and I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The First Motion seeks an injunction based on alleged unsanitary living conditions at the Buena Vista Correctional Facility ("BVCF"). However, the plaintiff is no longer incarcerated at BVCF. An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement. See Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (holding that release from prison moots claims for declaratory and injunctive relief); Love v. Summit County, 776 F.2d 908, 910 n.4, 912 (10th Cir. 1985) (indicating that the general rule applies to a transfer between prisons).

The Second Motion alleges that the plaintiff has been transferred from BVCF to the Limon Correctional Facility in retaliation for filing grievances. *Second Motion*, ¶¶ 2, 9, 10. The plaintiff seeks "a preliminary injunction ordering defendants to cease all forms of retaliation that have caused atypical and significant hardship, and a transfer to a medium security prison based on my custody level." Id. at ¶ 12.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and
(4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits.  SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that

would disturb the status quo.[1] Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

The plaintiff does not discuss any of the Lundgrin factors. Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.

Moreover, the plaintiff requests that the BVCF employees be ordered to cease retaliation. That request was rendered moot by his transfer to the Limon Correctional Facility.

I respectfully RECOMMEND:

(1) The Motion for a Preliminary Injunction and Order to Show Cause [Doc. #22] be DENIED AS MOOT; and

(2) The Motion for Preliminary Injunction and Order to Show Cause [Doc. #47] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de*

---

[1] Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099. Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

4

*novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge